1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

12 | ABRAHAM DIONICIO MUNOZ, | 1:12-CV-01180 BAM HC

13 |                     Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

14 |          v. |

15 |                                 | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE

R. LOPEZ, Warden,

16 |                     Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY

17 | _____/

18
19      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20 pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the Magistrate Judge

pursuant to 28 U.S.C. § 636(c).

21
22      On July 19, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court.

23 He claims he has been denied good conduct credits in violation of the Ex Post Facto Clause.

Further, he alleges the denial of good conduct credits violates the plea agreement he entered into

24 with respect to his underlying 2008 conviction in Kings County Superior Court.

25
26      Petitioner sought review for his claims in the Kings County Superior Court, the California

Court of Appeal, Fifth Appellate District, and the California Supreme Court.  See Petition, Exs. A-E.

27 The petitions were denied. Id.

28

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, ⸺ U.S. ⸺, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011), citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785, citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412. Therefore, a "specific" legal rule

1    may not be inferred from Supreme Court precedent, merely because such rule might be logical given

2    that precedent. Rather, the Supreme Court case itself must have "squarely" established that specific

3    legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411, 1419,

4    173 L.Ed.2d 251 (2009). Moreover, the Supreme Court itself must have applied the specific legal

5    rule to the "context" in which the Petitioner's claim falls. Premo v. Moore, ––– U.S. ––––, 131 S.Ct.

6    733, 737, 178 L.Ed.2d 649 (2011). Under § 2254(d)(1), review is limited to the record that was

7    before the state court adjudicated the claim on the merits. Cullen v. Pinholster, ––– U.S. ––––, 131

8    S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). "A state court's determination that a claim lacks merits

9    precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the

10   state court's decision." Richter, 131 S.Ct. at 786.

11          "Factual determinations by state courts are presumed correct absent clear and convincing

12   evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and

13   based on a factual determination will not be overturned on factual grounds unless objectively

14   unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)."

15   Miller–El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Both subsections

16   (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact

17   and law. See Lambert v. Blodgett, 393 F.3d 943, 976–77 (2004).

18          Further, federal habeas courts review the last reasoned state court opinion. See Ylst v.

19   Nunnemaker, 501 U.S. 979, 803 (1991). However, "[w]here a state court's decision is

20   unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there

21   was no reasonable basis for the state court to deny relief." Richter, 131 S.Ct. at 784.

22   C.  Ex Post Facto

23          Petitioner contends that the January 25, 2010, amendment to California Penal Code § 2933.6,

24   which denies credits to inmates who are validated prison-gang associates and who are housed in the

25   security housing unit, violates the Ex Post Facto Clause because it changes the consequences of his

26   2008 gang validation to his disadvantage by denying him the ability to earn credits against his

27   sentence, thereby lengthening his sentence.

28          On January 25, 2010, California Penal Code section 2933.6(a), regarding sentence reduction

1   conduct credits, was amended to read:

2       (a) Notwithstanding any other law, a person who is placed in a Security Housing Unit,
    Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation

3       Unit for misconduct described in subdivision (b) or upon validation as a prison gang member
    or associate is ineligible to earn [sentence reduction conduct] credits pursuant to Section

4       2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric
    Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that

5       misconduct.

6       In order for a law to be ex post facto, it must be both disadvantageous to the offender and

7   retrospective. Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). To

8   determine if a law is retrospective, "[t]he critical question is whether the law changes the legal

9   consequences of acts completed before its effective date." Id. at 31.

10       In Weaver, the Court noted "the ex post facto prohibition ... forbids the imposition of

11   punishment more severe than the punishment assigned by law when the act to be punished

12   occurred." 450 U.S. at 30. At the time Weaver was convicted of his commitment offense, he was

13   eligible for a specific number of gain-time credits awarded for good conduct. However, two years

14   into his prison sentence, Florida reduced the number of gain-time credits inmate Weaver could

15   accrue. As a result, inmate Weaver was "disadvantaged by the reduced opportunity to shorten his

16   time in prison simply through good conduct." Id. at 33–34. The amendment reduced inmate Weaver's

17   credits through no fault of his own. The only conduct triggering the application of the gain-time

18   statute to inmate Weaver was his commission of the commitment offense, which took place two

19   years prior to the amendment. Thus, the new law effectively lengthened inmate Weaver's prison

20   term.

21       In Lynce, the Supreme Court applied the two-part test set forth in Weaver to determine if a

22   Florida law which revoked overcrowding credits that had already been awarded was ex post facto.

23   Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). The Court held the new

24   law "retroactively cancelled all provisional credits awarded to inmates convicted of murder or

25   attempted murder." Id. at 436. The law clearly disadvantaged inmate Lynce because it "had the effect

26   of lengthening [Lynce's] period of incarceration." Id. at 443. As in Weaver, the only conduct

27   triggering the new application of the law was the commission of the crime years earlier.

28       In this instance, unlike the amendments in Weaver and Lynce, Section 2933.6 is not ex post

facto because it is not retrospective, i.e. it does not punish inmates for conduct that was completed

before the effective date of the amendment-January 25, 2010. Cal.Penal Code § 2933.6(a). 2933.6;

Kansas v. Hendricks, 521 U.S. 346, 370–371, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (holding

Kansas' Sexually Violent Predator Act is not an ex post facto law because, among other reasons, it is

not retrospective since it permits involuntary confinement based on a determination of current

mental disorder "and does not criminalize conduct legal before its enactment, nor deprive

[petitioner] of any defense that was available to him at the time of his crimes.") Instead, as noted by

the superior court, the amendment to the law applies to Petitioner because of his continued

association with the Mexican Mafia *after* January 25, 2010. Cal.Penal Code § 2933.6(a). See

Petition, Ex. A.  Petitioner is not being denied the privilege to earn credits after January 25, 2010,

because of his pre-January 25, 2010, conduct.  Rather, he is being denied the privilege to earn credits

after January 25, 2010, because of his conduct after January 25, 2010.  If Petitioner had not been an

active associate of the gang after January 25, 2010, the law would not apply to him. Id.

  Furthermore, the fact that Petitioner was convicted of his commitment offense and validated

as a prison-gang associate before January 25, 2010 is of no consequence to the ex post facto analysis

here because the conduct being punished -active association with a prison gang- is continuing in

nature and has continued after January 25, 2010. See, e.g., Madrid v. Gomez, 889 F.Supp. 1146,

1270–1279 (N.D.Cal.1995) (upholding the gang validation process and the accompanying periodic

reviews to ensure inmates are properly placed in the security housing unit based on their continuing

gang affiliation); Cal.Code Regs. tit. 15, § 3378(c)(1) (defining current prison gang activity "as any

documented gang activity within the past six (6) years.")  Moreover, Petitioner does not allege he has

been deprived of any previously earned credits, and Petitioner can drop out of his prison gang and

restore his credit eligibility at any time by completing the debriefing process. Cal.Penal Code

§ 2933.6(a); Cal.Code Regs. tit. 15, § 3378.1.  Thus, there is no merit to Petitioner's claim that

section 2933.6 is an ex post facto law violation, and the state court determinations Petitioner

challenges were not contrary to or an unreasonable application of existing Supreme Court precedent.

Nor has Petitioner set forth clear and convincing evidence that the state courts made any factual

errors.

1  D.  Breach of Plea Bargain

2       Petitioner also claims that the denial of the right to earn good conduct credits post-

3  January 25, 2010, breaches the plea agreement he entered into with respect to his underlying

4  conviction.  The Court has reviewed the partial transcript of the plea entry hearing provided by

5  Petitioner.  See Petition, Ex. F.  It is clear from the portion of the transcript submitted by Petitioner

6  that his claim is without merit.  During the hearing, defense counsel specifically noted that he had

7  advised Petitioner that he would be eligible to earn time credits *"based on [his] future conduct"* and

8  "that the Court does not guarantee [him] the receipt of half time credit in this matter. Id. (emphasis

9  added).  As discussed above, the denial of the right to earn good time credits was due to negative

10  conduct, to wit, "his association with a prison gang engaged in criminal conduct threatening the

11  safety of others." See Petition, Ex. A.  Therefore, Petitioner's claim that his plea agreement was

12  breached fails.

13  E.  Certificate of Appealability

14       A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

15  district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

16  El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue

17  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

18       (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
      district judge, the final order shall be subject to review, on appeal, by the court
19      of appeals for the circuit in which the proceeding is held.

20       (b) There shall be no right of appeal from a final order in a proceeding to test the
      validity of a warrant to remove to another district or place for commitment or trial
21      a person charged with a criminal offense against the United States, or to test the
      validity of such person's detention pending removal proceedings.

22
      (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
23            appeal may not be taken to the court of appeals from–

24                  (A) the final order in a habeas corpus proceeding in which the
                  detention complained of arises out of process issued by a State
25                  court; or

26                  (B) the final order in a proceeding under section 2255.

27       (2) A certificate of appealability may issue under paragraph (1) only if the
      applicant has made a substantial showing of the denial of a constitutional right.

28

1    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

2

3    If a court denies a petitioner's petition, the court may only issue a certificate of appealability

4    "if jurists of reason could disagree with the district court's resolution of his constitutional claims or

5    that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

6    further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the

7    petitioner is not required to prove the merits of his case, he must demonstrate "something more than

8    the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at

9    1040.

10    In the present case, the Court finds that reasonable jurists would not find the Court's

11    determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

12    deserving of encouragement to proceed further.  Petitioner has not made the required substantial

13    showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a

14    certificate of appealability.

15    **ORDER**

16    Accordingly, IT IS HEREBY ORDERED that:

17    1. The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

18    2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and

19    3. The Court DECLINES to issue a certificate of appealability.

20    IT IS SO ORDERED.

21    **Dated:    August 8, 2012**          **/s/ Barbara A. McAuliffe**
22                                        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28